**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Delinzy Grant, Claimant, Respondent,

v.

Steel Technologies, Employer, and Zurich American Insurance Co., Carrier, Appellants.

Appellate Case No. 2019-001017

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2022-UP-221
Submitted April 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Matthew Clark LaFave, of Crowe LaFave, LLC, of Columbia, for Appellants.

Ryan Thomas LeBlanc, of Joye Law Firm, LLP, of North Charleston, for Respondent.

———————

**PER CURIAM:** Steel Technologies and Zurich American Insurance Company (collectively, Appellants) appeal an order from the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel). On appeal, Appellants argue the Appellate Panel erred in finding Steel Technologies' former

employee, Delinzy Grant, gave timely notice of her repetitive trauma injury in accordance with section 42-15-20(C) of the South Carolina Code (2015).

We hold Grant provided adequate notice to Appellants.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 288, 599 S.E.2d 604, 610 (Ct. App. 2004) ("The South Carolina Administrative Procedures Act . . . establishes the standard for judicial review of decisions of the Workers' Compensation Commission."); *id* at 289, 599 S.E.2d at 610-11 ("[An appellate c]ourt's review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law."); *Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) ("In workers' compensation cases, the [Appellate Panel] is the ultimate fact finder."); *Hargrove*, 360 S.C. at 290, 599 S.E.2d at 611 ("Where there are conflicts in the evidence over a factual issue, the findings of the Appellate Panel are conclusive."); § 42-15-20(C) ("In the case of repetitive trauma, notice must be given by the employee within ninety days of the date the employee discovered, or could have discovered by exercising reasonable diligence, that h[er] condition is compensable, unless reasonable excuse is made to the satisfaction of the commission for not giving timely notice, and the commission is satisfied that the employer has not been unduly prejudiced thereby."); *King v. Int'l Knife & Saw-Florence*, 395 S.C. 437, 444, 718 S.E.2d 227, 231 (Ct. App. 2011) ("[A] work-related repetitive trauma injury does not become compensable, and the ninety-day reporting clock does not start, until the injured employee discovers or should discover [s]he qualifies to receive benefits for medical care, treatment, or disability due to h[er] condition.").

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.